# EXHIBIT A

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

| | |
|---|---|
| **Plaintiff or Plaintiff's Attorney Information:**<br>Name:<br>Stuart Werbin<br>Address:<br>Lo Robert S. Gitmeid & A<br>11 Broadway<br>Suite 1310<br>New York, NY 10004-<br>Telephone No.: (866) 707-4595 | Demand Amount: $15,000.00<br>Filing Fee: $50.00<br>Service Fee: $7.00<br>Attorney's Fees<br>TOTAL |

Scott Elias

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, SPECIAL CIVIL PART

GLOUCESTER COUNTY
1 North Broad Street
Woodbury, NJ 08096-0000
(856) 853-3392

versus     **Plaintiff(s)**

Docket Number: DC-003194-13
(to be provided by the court)

Gc Services Lp

Civil Action

**SUMMONS**

**Defendant(s)**

Contract_Reg

Defendant(s) Information: Name, Address & Phone

Gc Services Lp
330 Gulfton Ste. 303 Houston, TX 77081

RECEIVED
MAY 2 8 2013
LAW DEPT.

Date Served: 05/15/2013

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____
Date:_____Time:_____WM_____WF_____BM_____BF_____OTHER_____
HT_____WT_____AGE_____HAIR_____MUSTACHE_____BEARD_____GLASSES_____
NAME:_____RELATIONSHIP:_____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____
Special Civil Part Officer

FILED May 14, 2013

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541
Stuart.Werbin@gitmeidlaw.com
Attorneys for Plaintiff
    Scott Elias

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# GLOUCESTER COUNTY

| Scott Elias,<br>Plaintiff,<br><br>– against–<br><br>GC Services Limited Partnership,<br>Defendant(s). | Docket No.   DC-003194-13<br><br>PLAINTIFF'S COMPLAINT |
|---|---|

/s/ Stuart Werbin
Stuart Werbin, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Scott Elias, is an adult residing in Gloucester County, New Jersey.

3. Defendant GC Services Limited Partnership is a law firm regularly engaged in the business of collecting debts in this State with its principal place of business located at 330 Gulfton, Ste. 303, Houston, TX 77081. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

### Factual Allegations

6. Defendant GC Services Limited Partnership attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to GC Services Limited Partnership.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. GC Services Limited Partnership sent Plaintiff a dunning letter dated December 6, 2012.

9. In this letter, GC Services Limited Partnership did not properly identify itself as a debt collector, in violation of the FDCPA.

10. In this letter, GC Services Limited Partnership offered a settlement on the alleged debt, and stated the following: "If you wish to take advantage of this **one-time offer**, contact our office . . . . If the settlement amount is not received within 20 days of the date of this letter, this offer will become null and void."

11. Upon information and belief, GC Services Limited Partnership never intended its offered settlement to be a "one-time offer." As such, this language was false and misleading.

12. Additionally, since GC Services Limited Partnership never intended its offered settlement to be a "one-time offer", its threat that "If the settlement amount is not received within 20 days of the date of this letter, this offer will become null and void" was a false and misleading statement. Even if the settlement amount were not received, it would not prevent future settlements.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

**Claims for Relief**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

Defendant GC Services Limited Partnership violated provisions of the FDCPA, including, but not limited to, the following:

The FDCPA 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. GC Services Limited Partnership never intended its offered settlement to be a "one-time offer." As such, this language was false and misleading. Additionally, since GC Services Limited Partnership never intended its offered settlement to be a "one-time offer", the letter's threat that "If

the settlement amount is not received within 20 days of the date of this letter, this offer will become null and void" was a false and misleading statement. Even if the settlement amount were not received, it would not prevent future settlements.

The FDCPA § 1692e(11) requires that a debt collector disclose in all communications that the communication is from a debt collector. In a dunning letter to Plaintiff, Defendant did not properly disclose that it is a debt collector.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,   The Law Offices of Robert S. Gitmeid & Assoc., PLLC
Attorneys for Plaintiff
Scott Elias

By: /s/ Stuart Werbin
    Stuart Werbin
    May 14, 2013

Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 14, 2013          Signature: /s/ Stuart Werbin
                                       Stuart Werbin

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541

<u>Out of State Certification</u>

Stuart Werbin, of full age, hereby certifies as follows:

1. Defendant GC Services Limited Partnership is located at 330 Gulfton, Ste. 303, Houston, TX 77081.

2. GC Services Limited Partnership does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 14, 2013              Signature: <u>/s/ Stuart Werbin</u>